# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUZ ZENDEJAS,<br><br>        Plaintiff,<br><br>    v.<br><br>CHAKRA UNIVERSAL CRYSTALS LLC, et al.,<br><br>        Defendants. | Case No. ED CV 24-0028 FMO (SPx)<br><br>**ORDER DISMISSING ACTION WITHOUT PREJUDICE** |

On January 16, 2024, the court issued a Standing Order Re: Disability Cases, (see Dkt. 10, Court's Order of January 16, 2024), which ordered plaintiff to file a request for entry of default no later than seven days after the time the response to the complaint would have been due by the defendants.  (Id. at 2).  The court admonished plaintiff that "failure to seek entry of default within seven . . . days after the deadline to file a response to the complaint shall result in the dismissal of the action and/or the defendant against whom entry of default should have been sought." (Id. at 2-3) (citing Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30, 82 S.Ct. 1386, 1388 (1962)).

Here, defendant Chakra Universal Crystals LLC ("Chakra") was served with the summons and complaint on January 25, 2024, by substituted service.  (See Dkt. 11, Chakra Proof of Service).  Plaintiff thereafter mailed a copy of the summons and complaint that same day, by first class, pre-paid mail, (id.), and service was deemed complete ten days later on February 4, 2024.

Cal. Civ. P. § 415.20(a). Accordingly, Chakra's responsive pleading to the Complaint was due no later than February 26, 2024. See Fed. R. Civ. P. 12(a). As of the date of this Order, Chakra has not answered the complaint, nor has plaintiff filed a request for entry of default as to Chakra. (See, generally, Dkt.).

The second defendant, Round House Investments, LLC ("Round House") was served with the summons and complaint on February 4, 2024, by personal service. (See Dkt. 12, Round House Proof of Service). Accordingly, Round House's responsive pleading to the Complaint was due no later than February 26, 2024. See Fed. R. Civ. P. 12(a). As of the date of this Order, Round House has not answered the complaint, nor has plaintiff filed a request for entry of default as to Round House. (See, generally, Dkt.).

A district court may dismiss an action for failure to prosecute or to comply with court orders. Fed. R. Civ. P. 41(b); Link, 370 U.S. at 629-30, 82 S.Ct. at 1388 (authority to dismiss for failure to prosecute necessary to avoid undue delay in disposing of cases and congestion in court calendars); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (district court may dismiss action for failure to comply with any court order). Dismissal, however, is a severe penalty and should be imposed only after consideration of the relevant factors in favor of and against this extreme remedy. Thompson v. Housing Auth. of Los Angeles, 782 F.2d 829, 831 (9th Cir.1986). These factors include: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik, 963 F.2d at 1260-61); see Applied Underwriters, Inc. v. Lichtenegger, 913 F.3d 884, 891 (9th Cir. 2019) ("By its plain text, a Rule 41(b) dismissal . . . requires 'a court order' with which an offending plaintiff failed to comply."). "Although it is preferred, it is not required that the district court make explicit findings in order to show that it has considered these factors and [the Ninth Circuit] may review the record independently to determine if the district court has abused its discretion." Ferdik, 963 F.2d at 1261.

    Having considered the Pagtalunan factors, the court is persuaded that this action should be dismissed for failure to comply with a court order and failure to prosecute. Plaintiff's failure to file a request for entry of default as to either defendant hinders the court's ability to move this case toward disposition and indicates that plaintiff does not intend to litigate this action. In other words, plaintiff's "noncompliance has caused [this] action to come to a complete halt, thereby allowing [her] to control the pace of the docket rather than the Court." Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999) (internal quotation marks omitted). Further, plaintiff was warned that failure to file a request for entry of default would result in a dismissal of the action for lack of prosecution and failure to comply with a court order. (See Dkt. 10, Court's Order of January 16, 2024, at 2); see also Ferdik, 963 F.2d at 1262 ("[A] district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the consideration of alternatives requirement.") (internal quotation marks omitted). Thus, having considered the Pagtalunan factors, the court is persuaded that the instant action should be dismissed for failure to comply with a court order and failure to prosecute.

    Based on the foregoing, IT IS ORDERED that judgment be entered dismissing this action, without prejudice, for failure to prosecute and comply with the orders of the court.

Dated this 5th day of March, 2024.

                                               /s/
                                   Fernando M. Olguin
                                United States District Judge